```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

| | | |
|---|---|---|
| PATRICK D. MICHEL, DDS, et al., | : : : | NO: 1:10-CV-00638 |
| Plaintiffs, | : : | |
| v. | : : | **OPINION AND ORDER** **AFFIRMING THE MAGISTRATE** |
| WM HEALTHCARE SOLUTIONS, INC., et al., | : : : | **JUDGE'S SEPTEMBER 8,** **2011 ORDER** |
| Defendants. | : | |

This matter comes before the Court on Defendant's Objections to September 8, 2011 Order (doc. 34), Plaintiffs' Reply Memorandum to Defendant's Objections to Magistrate's Order of September 8, 2011 (doc. 37), and Defendant WM Healthcare Solutions, Inc.'s Reply in Support of Defendant's Objection to Magistrate's Order of September 8, 2011 (doc. 39). For the reasons explained below, we do not find the objections of WM Healthcare to be well-taken; therefore, we hereby AFFIRM the Magistrate Judge's September 8 Order (doc. 31).

**I. Background**

The allegations that underpin Plaintiffs' cause of action and the parties' motion practice to date is well-detailed in the Magistrate Judge's September 8 Order. We repeat only what background we think necessary to give context to our ruling. Plaintiffs sue Defendant WM Healthcare for violation of the Junk Fax Prevention Act ("JFPA"), which makes it unlawful to send advertisements to a facsimile machine unless the recipient has

agreed specifically to receive such advertisements from the sender. See 47 U.S.C. § 227(b)(1)(C). Upon discovering the identity of the "fax broadcaster," that entity, SK&A Information Services, Inc. was added as another defendant.

The Magistrate Judge ruled on two different discovery matters that were the subject of Plaintiffs' second motion to compel (see doc. 22). The first issue of contention concerns two requests for production of documents. Plaintiffs asked that Defendant WM Healthcare produce copies of all documents identifying the persons who were sent the alleged illegal advertisements that are the subject of Plaintiffs' cause of action, including their facsimile numbers, as well as all documents regarding the relationship between WM Healthcare and SK&A, as its fax broadcaster. WM Healthcare objected, but not on the basis of relevance. Rather, it claimed that release of such documents would force it to disclose trade secrets: (1) in breach of the confidentiality clause contained within the contract into which it entered with SK&A; and (2) in violation of the Uniform Trade Secrets Act, O.R.C. § 1333.61 et seq.

The second issue of contention concerns two requests for admission served on Defendant WH Healthcare by Plaintiffs. The first (Request for Admission No. 1) asks Defendant to "[a]dmit Exhibit A and Exhibit B are advertisements for WH Healthcare's goods and/or services" and the second (Request for Admission No. 4) asks Defendant to "[a]dmit WH Healthcare had no established

<u>business relationship</u> with Dr. Michel before he was sent the Advertisements" (doc. 31 at 7 (emphasis added)). Defendant objected to both requests, claiming the underscored language in each called for a legal conclusion and, as such, was improper under Fed. R. Civ. P. 36(a)(1)(A).

## II. Standard of Review

The objections of Defendant WM Healthcare to the Magistrate Judge's September 8 Order were timely filed. Therefore, inasmuch as her discovery order concerns "a pretrial matter not dispositive of a party's claim or defense," we will "modify or set aside any part of [it only if we find it to be] clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a); <u>see</u> 28 U.S.C. § 636(b)(1)(A).

We turn first to WM Healthcare's claim that it is contractually barred from complying with Plaintiffs' discovery request as it would force it to breach its confidentiality clause with SK&A. This Court disagrees. At the outset, we note generally that the terms of a contract between two private parties may not be used as a means to circumvent the judicial process. Clearly, though, WH Healthcare and SK&A not only are mindful of this tenet, but they also have made provision for it in their written agreement. Quoting the Magistrate Judge, who had the opportunity to review this contract <u>in camera</u>, "the confidentiality agreement between WM Healthcare and SK&A <u>specifically contemplates production of confidential information</u> to a third party <u>where commanded by a</u>

<u>court order</u> and <u>requires notice of such to enable the parties to secure a protective order</u> to protect confidential information (doc. 31 at 7 (emphasis added)). Given this provision, and noting that there is no "'absolute privilege to protect trade secrets from disclosure during the discovery process,'" <u>1221122 Ontario Ltd. v. TCP Water Solutions, Inc.</u>, No. 10 C 4942, 2011 WL 2516531, at *4 (N.D. Ill. June 23, 2011) (quoting <u>In re Sealed Air Corp.</u>, 220 F.R.D. 452, 453 (D.S.C. 2004)), the Magistrate Judge concluded that the documents should be produced, but with entry of a protective order. Her ruling is consistent with precedent within our own Circuit. <u>See</u> <u>R.C. Oldmstead, Inc., v. CU Interface, LLC</u>, 606 F.3d 262, 269 (6th Cir. 2010). Thus, we do not find the Magistrate Judge's order to be clearly erroneous or contrary to law.

Producing the documents under a court order and shielding their contents with a consent protective order should be the precise result that the parties <u>to the contract</u>, namely WM Healthcare and SK&A, intended. Defendant WH Healthcare protests that it "cannot adequately protect SK&A's trade secrets" and that any generic protective order that "has not been reviewed and approved by SK&A . . . creates an unnecessary and completely avoidable risk" (doc. 34 at 4). We do not read the Magistrate Judge's decision to call for a "generic protective order." Indeed, we understood her directive to be quite the opposite. We read her instruction as one to WH Healthcare to fashion a specific protective order with its <u>contractual</u> party, SK&A, that would be

presented to Plaintiffs for their review and eventual submission to the Court.

Nothing in the pleadings directed toward review of the Magistrate Judge's Order suggests that Defendant WH Healthcare sought SK&A's involvement in drafting a protective order but was rebuffed.  That Defendant WH Healthcare would have preferred that Plaintiffs seek the information from SK&A through the subpoena power of Fed. R. Civ. P. 45, before it was joined as a party, or through discovery requests served directly on Defendant SK&A, now that it is a party to this litigation, is of no moment.  Federal Rule of Civil Procedure 26(b)(2)(C)(i) admonishes that discovery be limited if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Defendant WH Healthcare's perceived risk of being sued by SK&A for violation of their confidentiality agreement simply does not amount to "burden" particularly when, as here, the Magistrate Judge has allowed <u>Defendant</u> to propose a protective order sufficient to guard against disclosure of trade secrets belonging to SK&A, as it, as one of the parties to the contract, anticipated upon signing.

We briefly address next Defendant's claim that producing the documents at issue would be in violation of Ohio's statute prohibiting disclosure of trade secrets through "[i]mproper means" or "[m]isappropriation."  <u>See</u> O.R.C. § 1333.61(A), (B).  Producing documents to comply with a discovery order of a United States Magistrate Judge in a federal question lawsuit, subsequent to entry

of a consent order to protect against disclosure of any trade secrets contained within those documents, would not seem to fit within the language of either Section A or Section B.  Inasmuch as Defendant references this state statute, but cites to no case law support, we presume it recognizes the weakness of any such argument.

This Court finds curious the silence of SK&A in this discovery dispute.  Its failure to step into the fray, particularly now that it is a party to this litigation, puzzles us; WH Healthcare appears considerably more worried than SK&A about disclosure of the latter's purported trade secrets. Regardless, we AFFIRM that portion of the Magistrate Judge's Order in which she GRANTS Plaintiffs' motion to compel responses from WH Healthcare with regard to their request for "all documents identifying the persons (including their facsimile numbers) to whom the Advertisements were sent via facsimile" and "all documents concerning the relationship between WM Healthcare and the [fax broadcaster [SK&A Information Services, Inc.]] relative to the Advertisements, including the contract for such services, invoices, records or facsimile transmissions, etc." (doc. 31 at 2-3).

Finally, we address WH Healthcare's assertion that the two requests for admission detailed above were improper.  Federal Rule of Civil Procedure 36(a)(1)(A) allows a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any . . . facts, <u>the application of law</u>

to fact, or opinions about either" (emphasis added).  The Magistrate Judge, noting that the 1970 Amendment to Rule 36 added the underscored language, disagreed with Defendant.  Because the requests at issue "seek the application of law to the specific facts of the case, or opinions about the same" (doc. 31 at 8), she granted Plaintiffs' motion to compel.

      We consider the Magistrate Judge's analysis not only not clearly erroneous or contrary to law, but rather absolutely correct.  It is true that "'a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered inappropriate.'" Reichenbach v. City of Columbus, et al., No. 2:03-CV-1132, 2006 WL 143552, at *2 (S.D. Ohio Jan. 19, 2006) (quoting Lakehead Pipe Line Co. v. American Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997)).  But Plaintiffs did not serve such requests for admission on Defendant. Plaintiffs did not ask Defendant, for instance, to "Admit that WH Healthcare sent advertisements to Dr. Michel in violation of one or more provisions of the Junk Fax Prevention Act ("JFPA"), which is codified at 47 U.S.C. § 227 et seq."  Rather, they asked Defendant to admit that two different exhibits, presumably the alleged illegal facsimiles, are advertisements for its products and that it had no established business relationship with Plaintiff Michel before sending those advertisements.

      Reichenbach again is instructive.  There plaintiff, in a

disability discrimination action, asked defendants to "admit that the curb ramp at issue was not compliant with current federal accessibility design standards." 2006 WL 143552, at *2. Defendants objected that this request sought only a conclusion of law, and Magistrate Judge King agreed. A proper request, according to the Court, instead might have asked, "Defendants adopted a transition plan within six months of January 26, 1992, as required by 28 C.R.F. 35.150(d)(1). Admit or deny." Id. n.3. Such a request plainly seeks application of law to fact, just as those requests propounded by Plaintiffs to Defendant in the case at bar. Accordingly, we also AFFIRM that portion of the Magistrate Judge's Order in which she GRANTS Plaintiffs' motion to compel and orders WM Healthcare to admit or deny the requests in conformity with Rule 36, including answering in accordance with Rule 36(a)(4) and in accordance with its continuing duty to supplement its discovery responses pursuant to Rule 26(e) (doc. 31 at 7).

    SO ORDERED.

Dated: December 6, 2011    /s/ S. Arthur Spiegel
                                          S. Arthur Spiegel
                                          United States Senior District Judge