# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| PATRICK D. MICHEL, DDS, et al., and ) <br> DR. MARK W. STURDY d/b/a ) <br> ROCHESTER VETERINARY CLINIC ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WM HEALTHCARE SOLUTIONS, INC., et al. ) <br> ) <br> Defendants. ) <br> _____ ) <br> SK&A INFORMATION SERVICES, INC., ) <br> ) <br> Cross-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WM HEALTHCARE SOLUTIONS, INC. ) <br> ) <br> Cross- Defendant. ) | Case No. 1:10-cv-00638 <br><br> JUDGE SUSAN J. DLOTT |

## PLAINTIFFS' *CORRECTED*[1] UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS

Plaintiffs Patrick D. Michel, DDS; Patrick D. Michel, DDS, Inc.; Alan L. Laub; DDS; Alan L. Laub, DDS, Inc., and Dr. Mark W. Sturdy, respectfully request that the Court enter an order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the Class Settlement Agreement; (iii) appointing Plaintiffs as Class Representative and the law firms of Montgomery, Rennie and Jonson and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") as Class Counsel; and (iv) approving the proposed notice for distribution to the

---

[1] This corrected Memorandum now contains the correct Exhibit E, as well as a fully executed Settlement Agreement.

1

settlement class.  In support of this motion, Plaintiffs state as follows:

1. Plaintiffs filed a class action lawsuit against Defendants WM Healthcare Solutions, Inc. ("WM Healthcare") and SK&A Information Services, Inc. ("SKA") (collectively referred to as "Defendants") alleging that they violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and state law.

2. Counsel for Plaintiffs and Defendants have reviewed and analyzed the legal and factual issues presented in the Litigation, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the Litigation the likelihood, costs and possible outcomes of one or more procedural and substantive appeals and the potential difficulties associated with collecting a judgment if one were secured.  Based upon their respective review and analysis, and after arms-length, good faith negotiations which included a formal mediation and several settlement conferences, the Parties have entered into the Class Settlement Agreement ("Settlement Agreement"), attached hereto as <u>Exhibit A</u>.

3. The Parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Settlement Agreement and agree as follows:

    a. <u>Class Certification</u>.  The parties agree to the certification of a class for settlement purposes only, consisting of:

> (a) all persons and entities throughout the United States (b) who, on or after August 14, 2006, through August 23, 2012  (c) were sent unsolicited facsimile advertisements by or on behalf of defendant  WM Healthcare Solutions, Inc., promoting its goods or services for sale.

The Parties estimate, based on their review of records, that the Settlement Class is comprised of approximately 400,000 Settlement Class members, defined as unique recipients of one or more WM Healthcare facsimile advertisement(s) to a single facsimile number ("Settlement Class Member"). Pursuant to the Parties' Settlement Agreement, each Settlement Class Member who timely submits a valid and completed claim form shall only be entitled to a single claim, regardless of the number of facsimile advertisements he/she/it/they received to a single facsimile number.

        b.      <u>Relief to Plaintiffs and the Class</u>.

        (1)      Defendants agree to pay the sum of $4,375,000.00 to a settlement fund (the "Settlement Fund") which Class Counsel or its agent agrees to hold in trust for the benefit of the Settlement Class.

        (2)      Each Settlement Class Member who does not exclude himself, herself or itself and who timely and properly returns a participation form, will receive a *pro rata* share of the class recovery up to $1,500.00, after deductions are made for: (i) payment to the Plaintiffs, (ii) attorney's fees, and (iii) costs of notice (other than the initial delivery of the Class Notice via fax) and settlement administration.

        (4)      Plaintiffs' counsel shall receive, subject to Court approval, attorney's fees and costs in an amount not to exceed 1/3 of the value of the Settlement Fund ($1,458,333.33), plus the costs of notice and administration of the Settlement Fund. Defendants agree not to oppose such a request.

        (5)      Plaintiffs shall each receive, subject to Court approval, an award of $10,000.00 which will provide an incentive award for its services as a Class Representative. This amount shall be in addition to any amount Plaintiffs may recover as a

Settlement Class Member.

        c.    <u>Class Notice</u>.  Within 30 days of the Court's preliminary approval of the Settlement Agreement Plaintiffs, with the assistance of Defendant SK&A Information Services, Inc., will give or cause to be given notice of the settlement in the form attached as <u>Exhibit B,</u> by facsimile to all persons and entities that comprise the Settlement Class. Class Counsel agrees that it shall also post the full form of notice on its website, www.edcombs.com.

        d.    <u>Class Members' Right to Opt Out</u>. Any Class Member may seek to be excluded from the Settlement Agreement and the Litigation by opting out of the Class within the time period set by this Court. Any member who opts out of the Class shall not be bound by any prior Court order or the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement.

        e.    <u>Claim Form</u>. In order to receive the consideration provided under the settlement, each Class Member must timely return a valid claim form which will be provided with the Notice.

    4.    Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

    (1) The class is so numerous that joinder of all members is impracticable,

    (2) There are questions of fact or law common to the class,

    (3) The claims or defensives of the representative parties are typical of the claims defenses of the class, and

    (4) The representative parties will fairly and adequately protect the interest of the class.

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated herein, each of the requirements for class certification for settlement purposes is met.

5. <u>Rule 23(a)(1) -- Numerosity</u>. Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "When the class is large, numbers alone are dispositive . . . ." <u>Riordan v. Smith Barney</u>, 113 F.R.D. 60, 62 (N.D.Ill.1986). Where the class numbers at least 35, joinder is generally considered impracticable. <u>Saur v. Snappy Apple Farms, Inc.</u>, 203 F.R.D. 281, 286 (W.D.Mich. 2001) (35 sufficient); <u>Appoloni v. U.S.</u>, 218 F.R.D. 556, 561 (W.D.Mich. 2003), modified, 219 F.R.D. 116 (W.D.Mich. 2003) (40 sufficient); <u>Foster v. D.B.S. Collection Agency</u>, No. 01-CV-514, 2002 WL 484500, *6 (S.D.Ohio March 26, 2002) (40 sufficient); <u>Cypress v. Newport News General & Nonsectarian Hosp. Ass'n</u>, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); <u>Swanson v. American Consumer Industries</u>, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); <u>Riordan</u>, 113 F.R.D. 60 (10-29 sufficient); <u>Philadelphia Electric Co. v. Anaconda American Brass Co.</u>, 43 F.R.D. 452, 463 (E.D.Pa. 1968) (25 sufficient); <u>Sala v. National R. Pass. Corp.</u>, 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient); <u>Scholes v. Stone, McGuire & Benjamin</u>, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (about 70). It is not necessary that the precise number of class members be known. "A class action may proceed upon estimates as to the size of the proposed class." <u>In re Alcoholic Beverages Litigation</u>, 95 F.R.D. 321 (E.D.N.Y. 1982); accord, <u>Putnam v. Davies</u>, 169 F.R.D. 89, 92 (S.D.Ohio 1996); <u>Lewis v. Gross</u>, 663 F. Supp. 1164, 1169 (E.D.N.Y. 1986).

For purposes of defining this Settlement Class, Defendants have estimated that

facsimiles were sent to approximately 400,000 unique recipients on at least one occasion. This plainly satisfies the numerosity requirement.

      6.    <u>Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate</u>.  Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law <u>or</u> fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.

These requirements are normally satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy. <u>Halverson v. Convenient Food Mart, Inc.</u>, 69 F.R.D. 331 (N.D. Ill. 1974). "When the questions of law involve a standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented and the commonality requirement of Rule 23(a)(2) is usually met." <u>Carroll v. United Compucred Collections, Inc.</u>, No. 1-99-0152, 2002 WL 31936511, *13 (M.D.Tenn. Nov 15, 2002), report and recommendation adopted in part, 2003 WL 1903266 (M.D.Tenn. Mar 31, 2003). <u>Accord</u>, <u>Franklin v. City of Chicago</u>, 102 F.R.D. 944, 949 (N.D.Ill. 1984); <u>Patrykus v. Gomilla</u>, 121 F.R.D. 357, 361 (N.D.Ill. 1988). "Many courts have recognized that cases dealing with the legality of standardized documents or conduct are generally appropriate for resolution by class action because the document or conduct is the focal point of the analysis. The 'legality of standardized documents and practices often result in the predomination of common questions of law or fact and re, therefore, generally appropriate for resolution by class action.'" <u>Labbate-D'Alauro v. GC Services Ltd. Partnership</u>, 168 F.R.D. 451, 458 (E.D.N.Y. 1996); <u>accord</u>, <u>Halverson</u>, 69 F.R.D. 331; <u>Haroco v. American Nat'l Bank</u>, 121 F.R.D. 664, 669 (N.D. Ill. 1988) (improper computation of interest); <u>Kleiner v. First Nat'l Bank</u>, 97 F.R.D. 683 (N.D.Ga. 1983) (same); <u>Heastie</u>, 125 F.R.D. 669 (execution of

home improvement financing documents in sequence that evaded consumers' rescission rights). This is true even though the nature and amount of damages may differ among the members of the class. Id.

Here, there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Class Members. The predominating common questions include:

> (1) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;
>
> (2) Whether Defendants thereby violated the TCPA and/or state law; and
>
> (3) The manner in which Defendants compiled or obtained its list of fax numbers.

The Settlement Class is defined by Plaintiffs in terms of all persons and entities throughout the United States who, on or after August 14, 2006 and through August 23, 2012, were sent facsimile advertisements promoting WM Healthcare Solutions, Inc.'s goods or services. Numerous courts have certified class actions under the TCPA. CE Design Ltd. v. Cy's Crabhouse North, Inc., 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 246 F.R.D. 642 (W.D. Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Rawson v. C.P. Partners

LLC, 03 CH 15165 (Cook Co. Cir. Ct.); Telecommunications Design Network v. McLeodUSA, Inc., 03 CH 8477 (Cook Co. Cir. Ct.); CE Design v. The Trade Show Network Marketing Group, Inc., No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct.); Bogot v. Olympic Funding Chicago, No. 03 CH 11887 (Cook Co. Cir. Ct.); Rawson, et. al., v. Robin Levin d/b/a The Ridgewood Organization, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Answer Illinois, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Murray and Trettel, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc., 03 CH 15167 (Cook Co. Cir. Ct.) (for settlement purposes); Law Office of Martha J. White, P.C. v. Morrissey Agency Inc., 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Fitness Image, Inc., Rommey Abdallah, and Bottom Line Sales Systems, Inc., 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); INSPE Associates, Ltd., et al. v. Charter One Bank, 03 CH 10965 (Cook Co. Cir. Ct.) (for settlement purposes); Bernstein v. New Century Mortgage Corp., 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); Gans v Seventeen Motors, Inc., No. 01-L-478 (Ill.Cir. Ct.) (for settlement purposes); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class action); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003) (same); Biggerstaff v. Ramada Inn and Coliseum, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); Biggerstaff v. Marriott International, Inc., 99-CP-10-001366, (C.P. S.C., Feb 20, 2000) (same); Gold Seal v. PrimeTV, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002)(same); Jemiola v. XYZ Corp., No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); Salpietro v.

8

Resort Exchange International, No. GD00-9071 (Allegheny Co. C.P.)(same); WPS, Inc. v. Lobel Financial, Inc., No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); Kenro, Inc. v. APO Health, Inc., No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); Syrett v. Allstate Ins. Co., No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); Lipscomb v Wal-Mart Stores, Inc., No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); Battery, Inc. v. United Parcel Service, Inc., No. 01-CP-10-2862 July 26, 2002) (same); Chaturvedi v. JTH Tax, Inc., No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); Dubsky v Advanced Cellular Communications, Inc., No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); Inhance Corp. v. Discount Vacation Rentals, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); Inhance Corp. v. Special T Travel Services, Inc., No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action). Several others were certified in a Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press, Dec. 28, 2005, p. 1).

    7.  Rule 23(a)(3) – Typicality.  Rule 23 requires that the claims of the named plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted). To establish typicality, "plaintiffs must show that their injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff." Bacon v. Honda of Am. Mfg., Inc., 370 F.3d 565 (6th Cir.2004) (citations omitted).

9

In the instant case, typicality is inherent in the Settlement Class definition. By definition, each of the Settlement Class Members is claimed to have been subjected to the same alleged practice as the named Plaintiffs, namely they are each persons or entities with facsimile telephone numbers who on or after August 14, 2006 and through August 23, 2012, were sent faxes by or on behalf by or on behalf of WM Healthcare Solutions, Inc., promoting its goods or services.

8. <u>Rule 23(a)(4) -- Adequacy of Representation</u>. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. <u>Rosario v. Livaditis</u>, 963 F.2d 1013, 1018 (7th Cir. 1992); <u>accord</u>, <u>Carroll v. United Compucred Collections, Inc.</u>, No. 1-99-0152, 2002 WL 31936511, *14  (M.D.Tenn. Nov 15, 2002), report and recommendation adopted in part, 2003 WL 1903266 (M.D.Tenn. Mar 31, 2003); <u>Wetzel v. Liberty Mutual Ins. Co.</u>, 508 F.2d 239, 247 (3d Cir. 1975); <u>In re Alcoholic Beverages Litigation</u>, 95 F.R.D. 321. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in <u>Exhibits C-D</u>. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

9. <u>Rule 23(b)(3)  -- Class Action Is Superior to Other Available Methods of Resolving This Controversy</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. "To satisfy the predominance requirement, a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to

10

individualized proof." <u>Frickco Inc. v. Novi BRS Enterprises, Inc.</u>, 2011 WL 2079704 (E.D.Mich. May 25, 2011) (citing <u>Beattie v. CenturyTel, Inc.</u>, 511 F.3d 554, 564 (6th Cir.2007) (internal quotations omitted). The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." <u>Brady v. LAC, Inc.</u>, 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

<u>In re Folding Carton Antitrust Litigation</u>, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797, 809 (1985) ('Class**

> **actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

10. Counsel for Plaintiffs and the proposed Settlement Class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, Plaintiffs respectfully requests that this Court enter an order in the form of Exhibit E, which (i) grants preliminary approval of the proposed settlement, (ii) appoints Dr. Patrick Michel, Dr. Alan L. Laub, and Dr. Mark W. Sturdy as Class Representatives and the law firms of Montgomery, Rennie and Jonson and Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel; (iii) directs the faxing of notice, in the form of Exhibit B and (iv) sets dates for opt-outs, objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

s/ Dulijaza Clark
Dulijaza (Julie) Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
 (312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Dulijaza Clark, certify that on February 22, 2013, I caused a true and accurate copy of the foregoing document to be served, via the Court's CM/ECF system, upon the following parties:

    George D. Jonson
    Matthew E. Stubbs
    MONTGOMERY, RENNIE & JONSON, LPA
    36 E. Seventh St., Ste. 2100
    Cincinnati, OH 45202

    Amanda Martinsek
    Diane E. Citrino
    Marquettes D. Robinson
    THACKER MARTINSEK, LPA
    2330 One Cleveland Center
    1375 E. 9th St.
    Cleveland, OH 44114

    Kevin M. O'Hagan
    Edward C. Eberspacher IV
    O'Hagan LLC
    One East Wacker Dr., Ste. 3400
    Chicago, IL 60601

                                            s/ Dulijaza Clark
                                            Dulijaza (Julie) Clark


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)